UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWANDA SHINE,

                          Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF CORRECTION,

                          Defendant.

19-CV-8162 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that her employer impermissibly discriminated against her. By order dated October 7, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). Plaintiff has also moved for assignment of *pro bono* counsel. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

On April 27, 2018, Plaintiff began working as a Correction Program Specialist at the Office of Constituent and Grievance Services of the New York City Department of Correction ("DOC"), located on Rikers Island. Plaintiff describes her duties as "a combination of front desk receptionist, phone operator for the department's information hotline and administrative assistant" to Program Operations Manager Mrs. Yanique Calvert and Director of the Program and Services Mr. Boyd. (ECF No. 2, at 11.) Plaintiff alleges that, after working there for two weeks, "the mood and energy of the office had changed." (*Id.* at 12.) Calvert reprimanded Plaintiff, stating that Plaintiff "was not a professional" and that Plaintiff "should listen while

2

[Calvert] is talking." (*Id.*) Plaintiff interpreted these comments as "verbally abus[ive]" and "demeaning." (*Id.*) Plaintiff did not know how to respond to Calvert's reprimands and when she did respond, Calvert interpreted it as Plaintiff's being "unable to comprehend or unable to properly articulate." (*Id.*)

Plaintiff further alleges that Danita Bacchus, a correction officer who sat at a desk next to her, soon "became outwardly rude and disrespectful." (*Id.*) On June 8, 2018, Bacchus filed a Workplace Violence Incident Report alleging that she felt threatened by Plaintiff's use of profane and threatening language.[1] Bacchus's complaint made Plaintiff "feel inferior" and "victimized." (*Id.* at 13.)

Plaintiff also describes feeling intimidated by several of the DOC bus drivers that transport employees around Rikers Island. Specifically, Plaintiff alleges that at least two drivers refused to drop her off in front of the building in which her office was located. Plaintiff asserts that her requests to be dropped off at the entrance to her building were a "safety precaution" as pedestrians do not normally walk the grounds of Rikers. (*Id.* at 14.) After one driver allegedly attempted to close the bus doors on Plaintiff, she noticed that she was the only female on the bus and "that shook [her] scared because not one of them said anything." (*Id.*) Plaintiff complained to the transportation unit supervisor, but "Calvert used that moment to complain to Mr. Boyd" about Plaintiff's attitude, describing her as "rude and disrespectful." (*Id.*)

---

[1] Bacchus's Workplace Violence Incident Report, which Plaintiff attaches as an exhibit to the complaint, states that Plaintiff said, "It's easier to talk to the ass than the face. Because my face will respond! Then I can say 'bitch, who the fuck you talking to?!' and [s]tomp you the fuck out. Stab you while you dead!" (ECF No. 2, at 31.)

3

On another occasion, bus driver Antonio Crucito, "intentionally bypassed" Plaintiff's stop.[2] (*Id.*) When Plaintiff confronted him, she was so frustrated that she "gleaked," a term she defines as, "[a]n involuntary spray of saliva excreted from underneath the tongue while talking." (*Id.* at 15.) Crucito subsequently filed a complaint against Plaintiff, alleging that she screamed and spat at him. (*Id.* at 15, 33.)

Plaintiff alleges that neither Calvert nor anyone else "made the attempt to make an accommodation for a change of travel or route." (*Id.* at 15.)

On August 17, 2018, Calvert directed Plaintiff to report to Human Resources at the Bulova Building, where she "was told that [she] was being terminated with the reasons undisclosed to [her.]" (*Id.* at 16.)

Plaintiff attaches as an exhibit to the complaint a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") that is dated August 21, 2019. She timely filed this action on August 30, 2019. She seeks money damages, "having been denied support income in a false statement of misconduct." (*Id.* at 17.)

## DISCUSSION

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106,

---

[2] Crucito's Incident Report Form, which Plaintiff attaches as an exhibit to the complaint, states that he told Plaintiff he could not drop her off in front of her building because it "is not a bus stop." (ECF No. 2, at 33.)

4

112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Plaintiff uses the Court's Employment Discrimination Complaint form to indicate that she is asserting claims under Title VII, but she fails to check a box indicating that basis of the alleged discrimination. (ECF No. 2, at 3.) In the section for "Other Claims," Plaintiff checks "Other" and writes "Equal Employment Opportunity Commission." (*Id.* at 4.)

Plaintiff describes difficulties with colleagues and bus drivers and alleges that Calvert, her supervisor, criticized her "work ethics and character" and described Plaintiff as "defiant, defensive, combative and confrontational." (*Id.* at 16.) But Plaintiff does not allege that Calvert or any employee of the DOC took any adverse action against her on the basis of her race, color, religion, sex, or national origin. Nor does she allege any facts suggesting that she has a disability

5

and that the DOC discriminated against her on the basis of that disability, violating the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213.

## MOTION FOR *PRO BONO* COUNSEL

Plaintiff has moved for assignment of *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits of the case is "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Title VII, the Court grants Plaintiff 60 days' leave to amend his complaint to detail her claims.

Plaintiff's amended complaint must assert facts suggesting that her employer discriminated against her on the basis of her race, color, religion, sex, national origin, or

disability. It is not enough for Plaintiff to allege that she falls into a protected class and that she was fired. She must allege facts from which a trier of fact could plausibly conclude that her membership in a protected class was the reason (or a part of the reason) why she was fired.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8162 (CM). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The motion for counsel, ECF No. 3, is denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 25, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge