UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWANDA SHINE,

                Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF CORRECTION,

                Defendant.

19-CV-8162 (JPO)

ORDER OF SERVICE

J. PAUL OETKEN, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17, alleging that her employer discriminated against her. By order dated October 7, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

## DISCUSSION

Plaintiff's claims against the New York City Department of Correction must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the New York City

1

Department of Correction with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York waive service of summons.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff.

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court directs the Clerk of Court to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendant City of New York waive service of summons.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 19, 2020
New York, New York

_____
J. PAUL OETKEN
United States District Judge