UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOWANDA SHINE,

                        Plaintiff,

          -v-

CITY OF NEW YORK,

                        Defendant.

19-CV-8162 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Towanda Shine, a former employee of the New York City Department of Correction, brings this action *pro se* against Defendant City of New York. She claims that the City violated Title VII and the Americans with Disabilities Act ("ADA") by creating a hostile work environment, terminating her employment, and retaliating against her. Specifically, she alleges that her colleagues "treated [her] badly" and fabricated two reports of misconduct that led to her termination. (Dkt. No. 6 at 14.) The City now moves to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Rule 12(b)(6) motion is granted.

**I.    Discussion**

      "As a precondition to filing a Title VII [or ADA] claim in federal court, a plaintiff must first pursue available administrative remedies" by filing a charge of discrimination with either the Equal Employment Opportunity Commission ("EEOC") or an authorized state agency. *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003); 42 U.S.C. § 2000e-5(e); *see also* 42 U.S.C. § 12117(a). This requirement is satisfied when the charge of discrimination is sufficiently specific to permit the EEOC or state agency to "identify[] the causes of discrimination" and "investigate . . . specific discrimination claims." *Gilani v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 96-cv-8070, 1997 WL 473383, at *3 (S.D.N.Y. Aug. 19, 1997) (Sotomayor, J.). An agency

"cannot be expected to investigate mere generalizations of misconduct, nor can defendants adequately respond to them." *Choi v. Chem. Bank*, 939 F. Supp. 304, 312 (S.D.N.Y. 1996); *Butts v. City of New York Dep't of Hous. Preserv. & Dev.*, 990 F.2d 1397, 1403 (2d Cir. 1993) ("Were we to permit . . . vague, general allegations, quite incapable of inviting a meaningful EEOC response, . . . Title VII's investigatory and mediation goals would be defeated."). To the extent that a plaintiff's charge of discrimination "contains no allegations of discrimination on the basis of [a protected trait]," the plaintiff has failed to exhaust her administrative remedies and cannot seek relief in federal court. *Zito v. Fried, Frank, Harris, Shriver & Jacobson, LLP*, 869 F. Supp. 2d 378, 391–92 (S.D.N.Y. 2012). Furthermore, even if a charge of discrimination includes specific allegations, the plaintiff may seek relief only on claims that are "reasonably related" to those allegations. *Deravin*, 335 F.3d at 200–01.

The charge of discrimination that Shine filed with the New York State Division of Human Rights is insufficiently specific or related to her current claims for the Court to conclude that she has exhausted her administrative remedies. In her charge, Shine claimed that she had been discriminated against based on a "predisposing genetic characteristic," which she specified to mean her "demeanor, hair and education." (Dkt. No. 17-3 at 3.) She also claimed that she had been retaliated against for "fil[ing] a complaint in the past." (*Id*.) The statement of facts that Shine filed with her charge included allegations that she had been terminated because her "'attitude' was unprofessional," that she was "perceived as unprofessional, unqualified" by her colleagues, that her colleagues had discussed her hair, and that she made "a complaint to the superior staff" one week before she was terminated. (Dkt. No. 17-3 at 4–5.) The statement of facts did not indicate that Shine had a disability, did not describe any incidents or examples of harassment, did not discuss the content of Shine's pre-termination complaint, and did not

mention the two reports of misconduct that led to Shine's termination and that Shine now contests before the Court. (Dkt. No. 6 at 13–14.)

Because Shine's charge of discrimination did not allege that she has a disability or faced disability-related discrimination, Shine has not exhausted her administrative remedies with respect to the ADA. Nor has Shine exhausted her administrative remedies with respect to Title VII. In her Complaint before the Court, Shine does not specify whether the City discriminated against her on the basis of race, color, religion, sex, or national origin. (Dkt. No. 6 at 4.) But even if she did, none of these protected traits is implicated by the charge of discrimination's claim that Shine was mistreated based on her predisposing genetic characteristics, demeanor, hair, or education. The charge's reference to these features cannot be fairly read as a reference to her race or color, absent any allegation regarding Shine's or her colleagues' race, heritage, or physical appearance. *See Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 227 (S.D.N.Y. 2010) (dismissing a *pro se* claim of racial discrimination because the plaintiff did "not indicate her race"). Shine's charge of discrimination was insufficiently specific or related to any protected trait for the Division of Human Rights to have investigated whether Shine faced discrimination on the basis of her race, color, religion, sex, or national origin. Shine's claims that she faced a hostile work environment and was discriminatorily terminated, in violation of Title VII and the ADA, are unexhausted and must be dismissed.

To the extent that Shine's retaliation claim was alleged with greater specificity in the charge of discrimination, the Court considers whether that claim is reasonably related to the retaliation claim that Shine now advances. Necessarily, the Court concludes that it is not. Shine's pleadings in this case make no mention of her pre-termination "complaint to the superior staff" or any similar incident. (Dkt. No. 17-3 at 4–5.) In her opposition to the motion to dismiss,

3

Shine suggests that she was retaliated against for expressing her frustration with certain "pre-employment processes," including her difficulties setting up direct deposit payments. (Dkt. No. 20 at 6–7.) This specific grievance was not raised in the charge of discrimination. Moreover, this kind of grievance is not the kind of "protected activity," or opposition to a discriminatory workplace practice, that is required for a Title VII or ADA retaliation claim. *See Rodriguez v. Beechmont Bus Serv., Inc.*, 173 F. Supp. 2d 139, 149 (S.D.N.Y. 2001) (holding that a grievance about "unsafe working conditions" could not constitute protected activity and serve as a basis for a retaliation claim under Title VII). It follows that Shine's retaliation claim is unexhausted and, in any event, without merit.

Having dismissed Shine's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining claims brought under New York City or State law. 28 U.S.C. § 1367(c)(3).

## II.     Conclusion

For the foregoing reasons, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED. The Clerk of Court is directed to mail a copy of this Opinion to Plaintiff, close the motions at Docket Numbers 16 and 21, and close the case.

SO ORDERED.

Dated: March 8, 2021
       New York, New York

                                                    _____
                                                                J. PAUL OETKEN
                                                         United States District Judge